# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:22-cv-00109-RJC-DCK

| | | |
|---|---|---|
| TIGRESS MCDANIEL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| GREEN DOT CORPORATION, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Amended Complaint [Doc. 8], Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2], and Plaintiff's "Renewed Motion to Recuse Judge Conrad for Pattern and Practice of Prohibited Discrimination and Denied 14th Amendment Due Process Rights" [Doc. 5].

Pro se Plaintiff Tigress McDaniel ("Plaintiff") filed Civil Case No. 3:22-cv-00052-FDW-DSC ("Case No. 3:22-cv-52") on February 8, 2022 against nine (9) named Defendants and unidentified "Does" Defendants asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., "gross and vicarious negligence," and for punitive damages. [Case No. 3:22-cv-52, Doc. 1]. Plaintiff sought to proceed in forma pauperis in that action. [Id., Doc. 2]. The Court denied Plaintiff's motion to proceed in forma pauperis, finding Plaintiff with sufficient resources to pay the filing fee, and ordered Plaintiff to pay the filing fee by March 31, 2022. [Id., Doc. 6]. In denying that IFP motion, the Court noted that Plaintiff "is single and provides no explanation why she has two motor vehicles." [Id., Doc. 6 at 1]. Rather than pay the filing fee, as ordered, Plaintiff voluntarily dismissed that action, [Id., Doc. 7], and filed the instant action against the

same Defendants, asserting the same claims, and seeking again to proceed in forma pauperis.[1]

[Docs. 1, 2]. Plaintiff also moves to recuse the undersigned [Doc. 5] and has since filed an

Amended Complaint [Doc. 8].

The Court first addresses Plaintiff's motion for recusal.[2] [Doc. 5]. The Plaintiff seeks

reassignment of this case to another judge "having previously moved for [the undersigned's]

recusal in previous actions substantiated by records of demonstrably evident pattern and practice

of his federally violative and prohibited pattern and practice of prejudice against her." [Id. at 1].

Plaintiff further argues that she has submitted a formal complaint of judicial misconduct against

the undersigned; that in "a separate and markedly unrelated action, 3:22-cv-00065-RJC-DCK,"

Plaintiff's pending in forma pauperis motion remained unresolved for over 30 days; and that she

"reasonably suspects that [the undersigned] is once again unduly delaying and intentionally

impeding the proceedings on her action, motivated by the same prejudice alleged in her relief

pleadings." [Id. at 1-2; see Doc. 5 at 9-11].

Judicial recusals are governed by a framework of interlocking statutes. Under 28 U.S.C. §

455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any

proceeding in which [their] impartiality might reasonably be questioned." In turn, the following

subsection, 28 U.S.C. § 455(b), offers a list of other situations requiring recusal, one of which is

---

[1] Plaintiff captions the instant Complaint "Lawfully Renewed Complaint From March 10, 2022 Discriminatory Dismissal Without Prejudice on Purporting that February 8, 2022 IFP Was Unsatisfactory Motivated by Racism, Genderism, Classism, Elitism, All Prohibited by Law." [Doc. 1 at 1]. Plaintiff states that she "dismissed the originally submitted complaint, 3:22-cv-52-FDW, because she cannot pay the court fee." [Doc. 1 at 1]. Other than explaining her opposition to the Court's denial of her IFP motion in 3:22-cv-52, Plaintiff's Complaint in the instant action appears identical to the Complaint submitted in the dismissed case.

[2] Plaintiff captioned this motion as a "renewed" motion to recuse. This is, however, the first such motion Plaintiff has filed in this matter.

where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The bias or prejudice must "result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case." Id. at 545 n. 1 (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). Section 144 requires recusal "whenever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party…." 28 U.S.C. § 144. The affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists…." Id. If the affidavit is legally sufficient, the court must recuse itself. Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989). However, "[a]ssertions merely of a conclusionary nature are not enough, nor are opinions and rumors." United States v. Farkas, 669 F. App'x 122, 123 (4th Cir. 2016) (per curiam) (quoting United States v. Haldeman, 559 F.2d 31, 34 (D.C. Cir. 1976)).

The Plaintiff has failed to set forth any cognizable basis for the Court's recusal. Plaintiff's motion relies on vague and substantiated claims of past prejudice against her that rely on adverse rulings against her in other cases [see Doc. 5 at 9-11], as well as a very typical delay in the Court addressing Plaintiff's in forma pauperis motion in another case.[3] The Court's prior adverse judicial rulings and the Plaintiff's conclusory claims of animus and bias do not provide a basis for recusal. See generally Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("a presiding judge is not … required to recuse himself simply because

---

[3] Plaintiff would be very well served to realize, regardless of the outcome of this action, that the Court cannot instantaneously rule on her filings, especially not when Plaintiff persists in filing duplicative, frivolous, and vexatious lawsuits with this Court.

of 'unsupported, irrational or highly tenuous speculation'") (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)). Nor will the Plaintiff be allowed to force the Court to recuse itself from the instant action by filing a judicial conduct complaint. See United States v. Owens, 902 F.2d 1154, 1156 (4th Cir. 1990) ("courts have typically rejected recusal motions based on, and effectively created by, a litigant's deliberate act of criticizing the judge or judicial system."); see, e.g., Woltz v. United States, 2010 WL 330218 (W.D.N.C. Jan. 20, 2010) (a litigant's filing of a complaint of judicial misconduct against a presiding judge does not infer bias or impartiality; such would result in judge-shopping). In short, the Plaintiff's displeasure with the Court's assignment to this case fails to provide any basis for recusal from this action, and her motion seeking recusal is denied.

Next, the Court addresses Plaintiff's motion to proceed in forma pauperis. Federal courts "may authorize" a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). A district court thus has the authority to grant or deny an application to proceed *in forma pauperis*. Clarke v. Richmond Behav. Health Auth., 402 Fed. App'x 764, 766 (4th Cir. 2010). This discretion is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Id. (quoting Ellis v. United States, 356 U.S. 674 (1958)).

Here, Plaintiff filed the instant IFP motion and Complaint in a new and separate action to avoid the Court's Order to pay the filing fee in Case No. 3:22-cv-52 to pay the filing fee. Plaintiff's instant IFP motion is nearly identical to the denied IFP motion in that case. With the instant motion, however, Plaintiff, in omitting her expected income "next month," explains that she "[is] self employed and otherwise a full-time student and thus cannot affirm an expected amount for next month." [See Doc. 2 at 1]. With the instant motion, Plaintiff also filed an Affidavit in Support of IFP. [Doc. 2-1]. In this Affidavit, Plaintiff contends that the undersigned's rationale for questioning a single individual's need for two motor vehicles is "facially racist, sexist, and elitist, and not merely unlawfully so, rather disgustingly and outrageously so." [Id. at 1]. Plaintiff also takes issue with the Court having included her student loan income as part of the calculus of determining Plaintiff IFP eligibility because her loan "cannot be used to pay court fees to initiate a federal complaint for personal relief from injuries [she has] sustained from Credit Reporting Agencies[ ]."[4] [Id. at 4]. Plaintiff's conduct in evading the Court's Order, voluntarily dismissing Case No. 3:22-cv-52, and filing the instant case evinces a lack of good faith that the Court cannot sanction. Moreover, "the denial by a District Judge of a motion to proceed in forma pauperis is an appealable order." Roberts v. U.S. Dist. Ct. for N. Dist. of Cal., 339 U.S. 844, 845, 70 S.Ct. 954 (1950). The Court will, therefore, deny the Plaintiff's instant IFP motion. Before the Court will proceed to initial review of Plaintiff's Complaint, the Plaintiff must pay the filing fee in accordance with this Order.

The Court notes that should Plaintiff decide to pay the filing fee for this action, the Court's initial review will include the potential imposition of a pre-filing review system to protect the

---

[4] Plaintiff argued this point in her denied IFP motion. In denying the motion, the Court noted that "it is not the Court's business how Plaintiff allocates her income. Plaintiff also has $2,376.00 in monthly non-student loan income." [Case No. 3:22-cv-52, Doc. 6 at 1 n.1].

Court from Plaintiff's continued abuse of the judicial process. See <u>Vandyke v. Francis</u>, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting <u>Black v. New Jersey</u>, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's motion to proceed in forma pauperis [Doc. 2] is **DENIED**.

(2) The Plaintiff shall pay the filing fee within 21 days of this Order or her Complaint will be dismissed without prejudice and without further notice to the Plaintiff.

Signed: April 18, 2022

Robert J. Conrad, Jr.
United States District Judge

6